**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ARLENE ROSARIO and**
**GEANENE SILAS, on behalf of**
**themselves and others**
**similarly situated,**

**Plaintiffs,**

                                                    **Civil Action No. 6:20-cv-352-WWB-EJK**

**v.**

**PROGRESSIVE CASUALTY**
**INSURANCE COMPANY,**

**Defendant.**
_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant submits this opposition to Plaintiffs' motion to compel (Doc. 105) additional responses to interrogatories 5, 6, 7 and 8.

## Legal Standard

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Metropolitan Life Ins. Co. v. Liebowitz*, 2021 WL 3511113, *1 (M.D. Fla. Jun. 30, 2021). "In addition to relevance, discovery must be proportional 'to the needs of the case.'" *Id.* "The proportionality analysis, therefore, begins with a review of the actual claims and defenses in the case, 'and a consideration of how and to what degree the requested discovery bears on those claims and defenses.'" *Id.*

## Plaintiffs' Motion Should Be Denied In Its Entirety

As to interrogatories 5 and 6, Defendant properly objected and fully responded

that it is unaware of the individuals who provided legal or non-legal advice regarding the classification of the at-issue positions prior to the commencement of this lawsuit (Rog 5) and that it is currently unaware of the individuals who participated in the decision to classify the at-issue positions as exempt (Rog 6), one made well over a decade ago. (Doc. 105-2, pp. 6-7).  Thus, Defendant has fully responded to these interrogatories. Defendant continues to investigate these topics and will promptly supplement its interrogatory responses if responsive information is identified.

Interrogatories 7 and 8 asked Defendant to identify individuals who "have knowledge and/or were present at any meetings, conferences, and discussions during which Defendant discussed offering and/or providing 'Flex Time' (Rog 7) and '6th/7th Day Pay' (Rog 8) to any Plaintiffs or Opt-In Plaintiffs."  (Doc. 105-2, pp. 7-8).  Defendant properly objected that it would be unduly burdensome if not impossible to identify all individuals who "have knowledge" of or "were present at any meetings, conferences, or discussions" on such topics.  (*Id.*).

Moreover, Plaintiffs have failed to show that such an undertaking would provide information that is relevant and proportional to the needs of the case.  Plaintiffs contend the requested information is relevant because: "Defendant argues Plaintiffs were not entitled to overtime yet *did* occasionally compensate Plaintiffs for extra time worked including "Flex Time" and "6th/7th day pay."  (Doc. 105, ¶ 10).  However, Defendant is *not* arguing that it provided "Flex Time" pay to Plaintiffs, which makes interrogatory 7 moot.

As to interrogatory 8, Defendant has already produced pay documents reflecting which Plaintiffs participated in $6^{th}/7^{th}$ day pay and to what extent.  That is the only

2

possibly relevant information related to this topic.  In light of this, Plaintiffs have not and cannot show that their request for Defendant to identify all individuals who "have knowledge and/or were present at any meetings, conferences, and discussions during which Defendant discussed offering and/or providing '6th/7th Day Pay'" would be proportional to the needs of the case.

Accordingly, Defendant respectfully requests that Plaintiffs' motion be denied in its entirety.

Dated: March 15, 2022.                     Respectfully submitted,


*s/Kevin W. Shaughnessy*
Kevin W. Shaughnessy, Esq.
Florida Bar No. 0473448
kshaughnessy@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida 32802 0112
Telephone:  (407) 649 4000
Facsimile:  (407) 841-0168

Gilbert Brosky, Esq.
(Admitted *Pro Hac Vice)*
gbrosky@bakerlaw.com
Gregory V. Mersol, Esq.
(Admitted *Pro Hac Vice*)
gmersol@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740

Amanda L. Godzinski
(Admitted *pro hac vice*)
agodzinski@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215

3

Telephone: (614) 228-1541
Facsimile: (614) 462-2616
**Counsel for Defendant**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2022, a true and correct copy of the

foregoing was served via e-mail on the following:

Mary E. Lytle, Esq.
David V. Barszcz, Esq.
LYTLE & BARSZCZ, P.A.
533 Versailles Drive
2nd Floor
Maitland, Florida 32751
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney

**Counsel for Plaintiffs**

/s/Kevin W. Shaughnessy
Kevin W. Shaughnessy