UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARLENE ROSARIO, and
GEANENE SILAS, on behalf of
themselves and those similarly situated,

      Plaintiffs,            CASE  NO.:  6:20-CV-352-WWB-EJK

v.                          FLSA COLLECTIVE ACTION

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

## RENEWED JOINT MOTION FOR APPROVAL OF AMENDED SETTLEMENT AGREEMENT

Plaintiffs ARLENE ROSARIO and GEANENE SILAS (the "Representative Plaintiffs") and Defendant PROGRESSIVE CASUALTY INSURANCE COMPANY ("Defendant" and, collectively with the Representative Plaintiffs, the "Parties"), by and through their respective undersigned counsel, jointly file this renewed joint motion to approve the amended settlement agreement in accordance with the Order entered April 26, 2023 (Doc. 179), and in support thereof, state:

1.    Plaintiffs initially filed this action on February 28, 2020. (Doc. 1). The Amended Complaint was filed on January 27, 2021. (Doc. 51). In both

the Complaint and the Amended Complaint, the Representative Plaintiffs alleged, among other things, unpaid overtime compensation is due to them and other allegedly similarly situated employees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").

2.    On March 23, 2023, the Parties filed a Joint Motion for Approval of Settlement. (Doc. 174).

3.    On April 26, 2023, the Court denied, without prejudice, the Parties' Settlement Agreement. (Doc. 179). In particular, the Court concluded that "the Release includes individuals who cannot presently be identified, and the parties have not otherwise addressed why such broad release language is necessary." (*Id*. at 7).

4.    Accordingly, the Parties have agreed to revise the definition of "Released Parties" to ensure all intended releasees can presently be identified, as follows:

> Progressive Casualty Insurance Company, ~~and each and any related entity,~~ together with **their** **its** parents, subsidiaries, affiliates, **~~and, with respect to each of them, their~~** predecessors, ~~**successors, assigns,**~~ executors, administrators, and insurers, and, with respect to each such entity, all of its past **and** present ~~**and future**~~ directors, officers, owners, shareholders, members, managers, employees, **~~agents,~~** insurers and attorneys both individually and in their capacities as directors, officers, owners, shareholders, members, managers, employees, **~~agents,~~** insurers and attorneys.

(Exhibit A, Amended Settlement Agreement, at pp. 6-7).

5.      The Amended Settlement Agreement, entered without admission of wrongdoing or liability by Defendant, contains all controlling terms, including, but not limited to, the payment of the settlement monies, attorneys' fees, costs, and expenses, and the dismissal with prejudice of Plaintiffs' Complaint.[1]

## MEMORANDUM OF LAW

The Amended Settlement Agreement is both fair and reasonable in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Importantly, the revised definition of "Released Parties" addresses the Court's concerns regarding the potentially overbroad nature of the release as it relates to individuals who cannot presently be identified.

The Parties' revised definition of "Released Parties" is consistent with the revised release in *Lanier* v. *Executive Garden Titusville Hotel, LLC*, No. 6:18-cv-927, 2018 WL 4762976 (M.D. Fla. Sept. 17, 2018), *report and*

---

[1] As previously disclosed to the Court, the undersigned counsel entered into a separate Return of Documents and Non-Disclosure Agreement on March 7, 2023. (Doc. 178). This agreement was not entered into by the Parties but rather, by counsel only, and is not a term of the Amended Settlement Agreement signed by the Parties. The undersigned have unresolved disputes concerning which specific documents Plaintiffs' counsel may, following the dismissal of this lawsuit, maintain under the terms of that agreement.

*recommendation adopted* 2018 WL 4743610 (M.D. Fla. Oct. 2, 2018) (cited in the Court's April 26, 2023 Order, Doc. 179 at p. 7). In *Lanier*, after initially denying the parties' motion to approve the settlement agreement without prejudice, in part because the definition of "Released Parties" included "individuals and entities that Plaintiff cannot presently identify, including future affiliates, successors and assigns," the Court approved this revised definition: "EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, a Florida Limited Liability Company, and ELCORNO MARTIN, Individually, and their respective present and past affiliates, predecessors, heirs, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys." *Id*. at *3-4.

The revised definition is also consistent with the language in numerous other FLSA settlement agreements this Court has approved, including the agreements in *Kraft et al. v. Freight Handlers, Inc.*, M.D. Fla. Case No. 6:18-cv-01469-WWB-GJK (Exhibit B) and *Easterwood et al. v. Sedgwick Claims Mgmt. Servs., Inc.*, M.D. Fla. Case No. 6:19-cv-00700-WWB-LHP (Exhibit C).

**CONCLUSION**

The Amended Settlement Agreement is fair, reasonable, and adequate. Accordingly:

1.    The Parties request that, upon a finding that the Amended Settlement Agreement is fair, the Court issue an Order dismissing the case with prejudice;

2.    After Defendant has mailed all settlement checks due under the Amended Settlement Agreement to Collective Class Counsel, and Collective Class Counsel has mailed all checks to the Representative Plaintiffs and the Opt-In Plaintiffs, the Parties will file a Joint Notice notifying the Court that all conditions have been satisfied pursuant to the Amended Settlement Agreement; and

3.    Finally, the Parties request that the Court retain jurisdiction for purposes of enforcing the Amended Settlement Agreement and resolving any disputes among counsel related to the separate Return of Documents and Non-Disclosure Agreement.

Respectfully submitted on this 10th day of May 2023.

Respectfully submitted,              Respectfully submitted,

*/s/ David V. Barszcz*                *s/Kevin W. Shaughnessy*
Mary E. Lytle, Esq.                  Kevin W. Shaughnessy, Esq.
Florida Bar No.: 0007950             Florida Bar No. 0473448
David V. Barszcz, Esq.               kshaughnessy@bakerlaw.com
Florida Bar No.: 0750581             Gregory V. Mersol, Esq. (*pro hac vice*)
LYTLE & BARSZCZ                      gmersol@bakerlaw.com
533 Versailles Drive, 2nd Floor      Amanda L. Godzinski (*pro hac vice*)
Maitland, Florida 32751              agodzinski@bakerlaw.com
Telephone: (407) 622-6544            BAKER & HOSTETLER LLP
Facsimile: (407) 622-6545            200 South Orange Avenue, Suite 2300
mlytle@lblaw.attorney                Post Office Box 112
dbarszcz@lblaw.attorney              Orlando, Florida 32802 0112
**Counsel for Plaintiffs**           Telephone: (407) 649 4000
                                     Facsimile: (407) 841-0168
                                     **Counsel for Defendant**

6